UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) Magistrate Case No. |
| Plaintiff, | ) |
| | ) <u>COMPLAINT FOR VIOLATION OF</u>: |
| v. | ) Title 8 U.S.C., Sec. 1324 (a)(2)(B)(iii) |
| | ) Bringing in Illegal Aliens Without |
| | ) Presentation |
| **Josue GONZALEZ-Zamora** | ) |
| Defendant(s) | ) |

'08 MJ 1651

The undersigned complainant, being duly sworn, states:

On or about **May 22, 2008**, within the Southern District of California, defendant **Josue GONZALEZ-Zamora**, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, **German MENDOZA-Carrillo, Jorge Luis FLORES-Manzano, Francisco Javier CHAVEZ-Camarena**, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said aliens and upon arrival did not bring and present said aliens immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
James E. Bailey
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 27th DAY OF **MAY, 2008**

_____
Jan M. Adler
UNITED STATES MAGISTRATE JUDGE

**CONTINUATION OF COMPLAINT:**
**Josue GONZALEZ-Zamora**

## PROBABLE CAUSE STATEMENT

I declare under the penalty of perjury that the following statement is true and correct:

Furthermore, the complainant states that **German MENDOZA-Carrillo, Jorge Luis FLORES-Manzano, Francisco Javier CHAVEZ-Camarena,** are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On Thursday, May 22, 2008, Border Patrol Agent B. Blanchard was one of several agents assigned to the East County conducting anti-smuggling operations near Pine Valley, California. He was in plain clothes and operating an unmarked service vehicle. This area is located in a remote mountainous region approximately 45 miles east of San Diego, California, 8 miles east of the Tecate, California Port of Entry and 12 miles north of the United States-Mexico International Border. Many areas surrounding this location are well-known alien smuggling load-up, drop-off and checkpoint circumvention routes for the Interstate 8 and Old Highway 80 Border Patrol Checkpoints.

At approximately 9:15 p.m., Border Patrol Agent B. Blanchard observed a green Ford Explorer bearing California License Plate traveling westbound on Interstate 8 one mile west of the Pine Valley Creek Bridge. Agent Blanchard observed that the driver of the green Explorer was traveling westbound at an unusually fast rate of speed, weaving in and out of traffic despite the heavy fog and rain. Alien smugglers tend to drive at high speeds in order to confound and lose any law enforcement agencies following or otherwise conducting surveillance on the smuggling operation at large as they travel to their destination with their illicit cargo.

Agent Blanchard, in his unmarked Agency vehicle, conducted mobile surveillance on the vehicle as it traveled westbound on Interstate 8. As Agent Blanchard drew closer to the Explorer, he observed that the Explorer in question bounced violently as it passed over bumps and other such imperfections in the interstate, indicative of a vehicle bearing a heavy load over the rear axle. Agent Blanchard attempted to pass the Explorer in an attempt to view inside the vehicle so as to view what was causing the Explorer to appear so abnormally heavy. When Agent Blanchard attempted to pass the Explorer, the driver significantly increased speed and began weaving through westbound traffic in order to remain in front of Agent Blanchard's vehicle. Periodically, the driver of the Explorer tremendously decreased speed, only to increase speed for short bursts while weaving in and out of traffic as the Explorer approached Tavern Road in Alpine, California. Agent Blanchard and the green Explorer passed Border Patrol Agent V. Aguilar, who was also in plain clothes, as they traveled westbound on Interstate 8. Agent Aguilar, driving an unmarked Agency vehicle equipped with a full set of emergency lights and audible sirens, observed the Explorer in passing and initiated surveillance on the Explorer from behind the vehicle. Agent Blanchard passed the Explorer as it slowed down so as not to alert the driver of the Explorer that Agent Blanchard, in his unmarked Agency vehicle was a law enforcement agent conducting surveillance. As Agent Blanchard passed the Explorer, Agent Blanchard observed a young Hispanic male driver with short black hair and a very identifiable hooked nose. Agent Blanchard also observed a male passenger in the front seat and with the background light given by the street lights near the freeway, Agent Blanchard could also see an indeterminate number of people in the backseat.

**CONTINUATION OF COMPLAINT:**
Josue GONZALEZ-Zamora

With this information Agent Aguilar suspected that vehicle was smuggling illegal aliens and attempted a vehicle stop on the Explorer in El Cajon, California on Interstate 8 at the Mollison Exit. The driver of the Explorer disregarded Agent Aguilar's vehicle's full set of lights and audible sirens as it increased speed and exited Interstate 8 northbound on Highway 67. Agent Aguilar terminated the pursuit and allowed other unmarked units belonging to both the ECAT and BSAT teams to maintain surveillance on the Explorer as it entered the City of El Cajon.

Agent J. Remenar, assigned to ECAT and driving an unmarked Agency vehicle, maintained surveillance on the Explorer as it traveled north on Highway 67 and quickly exited eastbound on Bradley running the red-light at the top of the Bradley Exit. From a safe distance, Agent Remenar observed the Explorer turn southbound on First Street, only to change directions twice while on First Street south to north, then north to south and then merging eastbound onto Pepper Street, all the while disregarding stop signs and red-lights. The driver of the Explorer then turned south onto Second Street running another red-light and turned off onto a dead end street Chesthill Place. At the cul-de-sac at the end of Chesthill Place, the Explorer performed an erratic "U"-turn, coming dangerously close to colliding with stationary vehicles as the Explorer went up onto the curb. While exiting Chesthill Place, the driver of the Explorer attempted to ram oncoming traffic, including unmarked agents following the Explorer with a complete wanton disregard for human life; At the Second Street and Greenfield Drive intersection, the Explorer ran yet another red-light and changed directions abruptly northbound on the same street, almost hitting a father and two small children as they crossed the intersection.

At approximately 9:40 p.m., a collaborative effort on behalf of the Border Patrol, the El Cajon Police Department and San Diego Sheriff's Office was managed to bring the Explorer to a halt at Royal Circle in a congested parking lot belonging to Royal Villa Condominiums. As Border Patrol Agent Joseph Remenar approached the Explorer, the Explorer came to an abrupt stop and the driver bailed out from the vehicle leaving the door ajar and attempted to abscond by jumping a fence. Agent Remenar, in an effort to detain the driver, swerved around the Explorer as it halted; however given the abrupt nature of the stop, the driver's side door of the Explorer bounced open colliding with Agent Remenar's unmarked Agency vehicle as he passed.

Border Patrol Agents N. Aoude and F. Rivera approached the Explorer and identified themselves as United States Border Patrol Agents. Agent Rivera observed the front seat passenger, defendant Josue GONZALEZ-Zamora, attempt to climb into the back seat with seven other individuals in an attempt to blend in with the group however, Agent Rivera detained and removed him from the vehicle. Agent Rivera questioned the defendant and the other seven individuals as to their citizenship. All admitted to being citizens and nationals of Mexico illegally present in the United States. Agent Rivera placed the defendant and the seven other illegal aliens under arrest and transported them to the El Cajon Border Patrol Station for processing.

Routine record checks of the defendant identifies him as an alien footguide.

**CONTINUATION OF COMPLAINT:**
Josue GONZALEZ-Zamora

## DEFENDANT STATEMENT:

At approximately 5:26 a.m., the defendant was advised of his Miranda Rights. The defendant stated that he understood his rights and was willing to speak without an attorney present.

The defendant stated that his true name is Marcos GONZALEZ-Zamora. The defendant stated that he has also used the name **Josue GONZALEZ-Zamora** in the past, and was deported under this name. The defendant stated that he is a Mexican citizen. The defendant does not have, nor has he ever had, any documents that would allow him to legally enter or remain in the United States. The defendant made arrangements in Tijuana, Baja California, Mexico, to be smuggled into the United States, and transported to Los Angeles, California, for a fee of $2,400. The defendant crossed the United States/Mexico International Boundary on May 23, 2008. The defendant crossed into the United States by going under a barbed wire fence. After crossing, the defendant walked for one hour through the mountains, as part of a group of eight smuggled aliens and one foot guide. At a certain point, the foot guide told the smuggled aliens to get into a vehicle. The foot guide told the defendant to get into the front passenger seat of the vehicle. The smuggled aliens traveled in this vehicle for approximately an hour and a half. After this time, the driver said that there was a patrol car behind the vehicle and accelerated. The defendant stated that the driver did not want to stop. When confronted with information regarding his involvement in this case as a foot guide, the defendant denied any participation in the smuggling event.

## MATERIAL WITNESSES STATEMENTS:

Material Witnesses **German MENDOZA-Carrillo, Jorge Luis FLORES-Manzano** and **Francisco Javier CHAVEZ-Camarena** stated that they are citizens and nationals of Mexico illegally present in the United States. They stated that they do not have any immigration documents allowing them to be in the United States legally. They stated that arrangements had been made in Tijuana Baja California, Mexico to be smuggled into the United States. The three material witnesses stated that they were to pay $2,000.00 U.S. dollars when they reached there destination Los Angeles, California. Witness CHAVEZ identified the defendant as the front seat passenger who was giving the driver directions. When shown a photographic lineup, the three material witnesses were able to identify the defendant **Josue GONZALEZ-Zamora** as the front seat passenger of the Explorer. Material Witness **FLORES** was able to identify defendant **Josue GONZALEZ-Zamora** as the footguide.

**Executed on May 24, 2008, at 8:30 p.m.**

Sergio E. Narvaez
Senior Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 3 page(s), I find probable cause to believe that the defendant named in this probable cause statement committed the offense on **May 22, 2008**, in violation of Title 8, United States Code, Section **1324**.

Jan M. Adler
United States Magistrate Judge

5/24/08 @ 8:45 p.m.
Date/Time